**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3309
_____

TONY PING YEW, Executor of Estate of John Y Wei,
Appellant

v.

ATTORNEY GENERAL NEW JERSEY; HON. DENNIS NIEVES, J.S.C.; HON.
JOSEPH REA, J.S.C.; HON. RICHARD J. GEIGER, J.A.D.; HON. MARITZA
BERDOTEBYRNE, J.A.D.; HON. PHILLIP PALEY, J.S.C.; RONAN TUZZIO &
GIANNONE, Attorney for Robert Wood Johnson University Hospital
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-06851)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: June 11, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Tony Yew appeals from the District Court's dismissal of his complaint. For the following reasons, we will affirm the District Court's judgment.

I.

This case arises from the dismissal of state medical malpractice and wrongful death claims. Beginning in 2018, Yew filed a series of five complaints in New Jersey Superior Court in both an individual capacity and as executor of the Estate of John Wei. Each complaint raised the same medical-malpractice and/or wrongful death claims related to Wei's death while he was hospitalized at Robert Wood Johnson University Hospital ("RWJUH"). The trial courts dismissed the complaints for a variety of reasons, including lack of standing and res judicata, and Yew unsuccessfully appealed to the New Jersey Supreme Court.

Yew then filed a complaint in the District Court for the District of New Jersey. As noted by the District Court, the complaint is "atypical" and difficult to decipher. Yew explained that, because "[t]his is an already adjudicated complaint in the state courts," the Federal Rules of Civil Procedure—particularly Rule 8—"do not apply." ECF 1 at 36. Therefore, he filed "an appeal like brief with a table of contents, table of authorities, and exhibits list to plead as Points instead of Counts." *Id.* at 38.

In the complaint, Yew argued that the named state court judges erred as a matter of law in numerous ways while handling his cases and that the Attorney General is liable

2

under a theory of respondeat superior.[1]  He also alleged that Appellee Ronan, Tuzzio, & Giannone ("RTG"), in its representation of RWJUH in state court, made misrepresentations that resulted in the dismissal of his cases.

Defendants filed motions to dismiss the complaint.  After the District Court granted the motions to dismiss, Yew filed a motion for recusal, a motion for reconsideration, and a "letter motion for clarification."  The District Court denied all three motions, and Yew timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's dismissal for lack of subject matter jurisdiction is de novo. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). We review an order denying a motion for reconsideration for abuse of discretion. *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014). Likewise, the denial of a motion for recusal is reviewed for abuse of discretion. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

---

[1] The judicial defendants and the Attorney General constitute the "State Appellees."

### III.

We agree with the District Court that Yew's claims are barred under the *Rooker-Feldman* doctrine.[2] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). While we acknowledge that the doctrine is "narrow," *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025), Yew's unusual pleading falls squarely within it.

*Rooker-Feldman* applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co.*, 615 F.3d at 166 (citation modified). Those elements are all present here: Yew lost his claims in state court; he contends that he was denied the monetary damages he sought as a result; the state court rulings were all rendered before Yew commenced this federal action; and Yew asked the District Court to remand the matter based on alleged legal errors, which would have certainly required review and either annulment or modification of state-court orders.

Yew contends that the District Court erred in its analysis of the second and fourth elements of the doctrine. He is incorrect. First, Yew argues that he did not allege injury caused by the state-court judgment because "the source of his injury" is the alleged medical malpractice committed by RWJUH. *See* C.A. Doc. 7 at 42. This argument is

---

[2] Yew also challenges the District Court's determination regarding Eleventh Amendment sovereign immunity. However, we need not address that argument here because the *Rooker-Feldman* doctrine is dispositive of Yew's claims.

belied by the content of his complaint, which states that "[t]he injury is Plaintiff was denied monetary damage relief against" RWJUH. *See* ECF 1 at 4.

Notably, Yew does not seek recovery from State Appellees or RTG for alleged medical malpractice. Furthermore, he could not recover from any of the appellees for medical malpractice allegedly committed by RWJUH, which he expressly notes was not named as a defendant. Instead, Yew's "claim is against orders of state trial and appellate judges" who "misinterpreted, misapplied court rules, citations, [and] statutes[,]" which "caused [the] denial of monetary relief Plaintiff had sought in the state courts." *Id.* at 3-4.[3] It is clear from his pleadings that Yew complains "of injury *produced* by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great W. Mining & Min. Co.*, 615 F.3d at 167 (emphasis added).

Second, Yew argues that he did not seek "appellate-type" review of the state-court judgments because he sought remand of a "declaratory [] nature" that would leave the state courts "to act—or not act—as they deemed appropriate." C.A. Doc. 7 at 43. However, it strains reason to suggest that the District Court could "remand . . . preferably to a three judge Appellate Division panel with new judges, *with instruction to rule* on" three of Yew's previously dismissed complaints without review and reversal of the underlying judgments. ECF 1 at 4 (emphasis added). It is of no consequence that Yew

---

[3] Yew raises a claim that RTG made "misrepresentations to the court" warranting remand. However, he has not sought damages or some independent relief against RTG; he has asked for only relief against the state judgments.

expressly stated that he did not invite the District Court to review and reject the state judgments, as "the relief requested effectively would reverse a state court decision." *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006); *see also* Edward H. Cooper, 18B *Federal Practice & Procedure* § 4469.2 (3d ed.) ("[J]urisdiction also must be denied when the requested relief amounts to reversal in thin disguise.").[4]

Yew contends that the District Court improperly failed to distinguish between the claims raised in his capacity as an individual plaintiff and as the executor of Wei's estate. We are satisfied that the District Court recognized that Yew raised claims both individually and as an executor.

Yew also challenges the District Court's denial of his motions for reconsideration and sanctions.[5] We discern no abuse of discretion. The District Court properly denied the motion for reconsideration because Yew failed to raise any recognized grounds for relief. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

---

[4] Critically, for this analysis, Yew seeks relief that is plainly unavailable. Review of state court decisions in this context can be had only in the Supreme Court. *See* 28 U.S.C. § 1257. And while a district court can "remand" a removed case to state court, this case was originally filed in federal court. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010).

[5] Yew also challenges the District Court's denial of his "letter motion for clarification" and asks this Court to issue "supervisory dicta clarifying that a district court may not moot or dispose of a procedural letter motion without addressing the issues raised" within. For the reasons discussed below, the District Court did not err, and properly dismissed Yew's claims. To the extent Yew argues that the District Court committed reversible error by denying any of his motions with text orders on the docket, he is incorrect. *See Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184, 189 (3d Cir. 2015).

Cir. 1999) (discussing the standards for granting a motion for reconsideration). The court also properly denied the recusal motion, as "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *see Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").

Accordingly, we will affirm the District Court's judgment. We deny RTG's motions to expand the record and for sanctions.[6]

---

[6] RTG's motion for leave to file a supplemental appendix, which has been construed also as a motion to expand the record, is denied because the documents in the supplemental appendix are unnecessary to decide the appeal. *See generally Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 226 (3d Cir. 2009) (noting the "exceptional circumstances" necessary to justify supplementing the record on appeal). RTG's motion for sanctions under 28 U.S.C. § 1927 is denied because, even assuming that the statute applies to pro se parties, it does not appear that Yew filed this federal action in bad faith. *See LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) ("[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal").